JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, et al.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PROFFICIENT HOTEL LP,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-04691-FLA (MRWx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [DKT. 18] AND DISMISSING ACTION FOR LACK OF STANDING** |

<u>**RULING**</u>

On September 25, 2022, Plaintiff Theresa Brooke ("Plaintiff") filed a Motion for Default Judgment ("Motion"). Dkt. 18 ("Mot."). On October 21, 2022, the court found the matter appropriate for resolution without oral argument and vacated the November 4, 2022 hearing on the matter. Dkt. 19; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court finds Plaintiff fails to establish standing and DISMISSES the action without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion is DENIED without prejudice as moot. The Clerk shall enter judgment and close the case administratively.

///

**BACKGROUND**

Plaintiff filed the Complaint on July 9, 2022, asserting claims against Defendant Profficient Hotel LP ("Defendant") alleging violations of: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2), and (2) the California Unruh Act. Dkt. 1 ("Compl."). On August 23, 2022, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. Dkt. 14. Only Plaintiff's ADA claim remains.

Plaintiff alleges she is disabled and "ambulates with the aid of a wheelchair due to the loss of a leg." Compl. ¶ 1. Plaintiff further alleges she visits California "for purposes of leisure travel and to 'test' whether various hotels comply with disability access laws." Compl. ¶ 8. According to Plaintiff, she personally visited Defendant's hotel in early July 2022, at which time she allegedly discovered Defendant's hotel has a barrier to entry to the lobby. *Id.* ¶¶ 9–11. Plaintiff states she "intends on making a reservation to lodge at this hotel in the event Defendant actually fixes the barrier at issue." *Id.* ¶ 9.

**DISCUSSION**

**I.     Article III Standing**

The court must address the question of standing before addressing the Motion on its merits. *See, e.g.*, *Brooke v. 247 Hotels Bev. LLC*, Case No. 2:22-cv-02941-MCS (Ex), 2022 U.S. Dist. LEXIS 125905, at *4 (C.D. Cal. July 15, 2022), *aff'd*, No. 22-55682, 2023 U.S. App. LEXIS 20310 (9th Cir. Aug. 7, 2023). The party invoking federal jurisdiction bears the burden of satisfying each requirement to establish standing under Article III of the Constitution. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled on unrelated grounds in City of Littleton v. Z. J. Gifts D-4, L.L.C.*, 541 U.S. 774, 781–82 (2004).

Plaintiffs "must allege facts essential to show jurisdiction." *Id.* (quotation marks and ellipses omitted). "If they fail to make the necessary allegations, they have no standing." *Id.* (brackets omitted). Article III's requirements "are not mere

2

pleading requirements but rather an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

To establish Article III standing, an ADA plaintiff must provide "a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when [she] intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* at 950. "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter [her] from returning to a noncompliant accommodation." *Id.* "An ADA plaintiff must show at each stage of the proceedings either that [she] is deterred from returning to the facility or that [she] intends to return to the facility and is therefore likely to suffer repeated injury." *Id.* at 953.

A plaintiff "lacks standing if [she] is indifferent to returning to the store or if [her] alleged intent to return is not genuine, or if the barriers [she] seeks to enjoin do not pose a real and immediate threat to [her] due to [her] particular disability." *Id.* at 953. "[W]hile past actions may constitute 'evidence bearing on whether there is a real and immediate threat of repeated injury,' they are not necessarily dispositive evidence." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted).

Plaintiff pleads she and her husband "are avid travelers to California for purposes of leisure travel and to 'test' whether various hotels comply with disability access laws"; that she anticipates returning "to the Los Angeles area" "several times in the next few months for required hearings, depositions and further testing"; and that

"[s]he will only return to the hotel if Defendant puts the required access aisle into place." Compl. ¶¶ 7-8, 12.

Plaintiff has not plausibly established an actual or imminent injury that would provide standing to seek injunctive relief. While Plaintiff alleges she may return to the hotel "if Defendant puts the required access aisle into place," Plaintiff has not pleaded or offered facts substantiating her intent to return to the hotel, let alone to the San Pedro, California area. *See, e.g.*, *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an intent to return to the places he had visited before is not sufficient to establish standing because such "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'" (*quoting Lujan*, 504 U.S. at 564, quotation marks and brackets omitted)); *Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) (finding plaintiff lacked standing and vacating judgment where: "Chapman … failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Strojnik v. Singpoli Grp., LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately demonstrate intent to return).

Indeed, Plaintiff states only that she intends to "visit" or "return" to the hotel if Defendant corrects the alleged accessibility barrier—not that she has any concrete plans to stay at the hotel or otherwise use its services. *See* Compl. ¶ 12.[1] Plaintiff's

---

[1] Plaintiff's allegation that "she has flight plans for a return in August and intends on making a reservation to lodge at this hotel in the event Defendant actually fixes the barrier at issue" (Compl. ¶ 9) is insufficient to qualify as a "concrete travel plan" sufficient to establish imminent harm. *See Civil Rights Educ.*, 867 F.3d at 1100 (recognizing courts consider various factors in determining intent, "including prior

failure to plead specifically or declare any specific facts regarding a concrete plan to return and stay at the hotel suggests she faces no imminent injury. *See Civil Rights Educ.*, 867 F.3d at 1100 ("Making case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts.").

In sum, the court concludes Plaintiff has failed to plead or proffer sufficient facts to establish standing to obtain the injunctive relief requested. *See 247 Hotels Bev.*, 2023 U.S. App. LEXIS 20310 at *1–2 (affirming dismissal of substantially identical complaint for lack of Article III standing).

## CONCLUSION

For the aforementioned reasons, the court finds Plaintiff fails to establish standing and DISMISSES the action without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion (Dkt. 18) is DENIED without prejudice as moot. The Clerk shall enter judgment and close the case administratively.

IT IS SO ORDERED.

Dated: January 19, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits'"). Notably, Plaintiff does not plead any facts or present evidence to establish she has ever stayed at or even visited a hotel after obtaining an injunction in the 697 ADA actions she has filed in this district alone since January 1, 2016. Plaintiff's asserted intent is insufficient to establish Article III standing here.

5